UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PRISCILLA WATKINS** | * | **CIVIL ACTION NO.** |
| **Plaintiff** | * | |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **AMERICAN SENTINEL INSURANCE** | * | |
| **COMPANY, MSAE TRANSPORT, LLC** | * | |
| **AND WALTER W. MTENGA** | * | |
| **Defendants** | * | **MAG. JUDGE:** |
| | * | |

**************************************

## NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, come Defendants, American Sentinel Insurance Company, MSAE Transport, LLC and Walter W. Mtenga, who appear solely for the purpose of filing this Notice of Removal and reserve all rights, defenses, objections, exceptions, and claims they may have. In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendants hereby remove this civil action, which was pending as Case No. 2022-714 in Division "C" of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the United States District Court for the Eastern District of Louisiana on the grounds that there is complete diversity between the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs.

In support of this Notice of Removal, Defendants show:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On March 21, 2022, Plaintiff, Priscilla Watkins ("Watkins"), filed her Petition for Damages in the 21st Judicial District Court for the Parish of Tangipahoa. *See generally,* **Exhibit 1** (Plaintiff's Petition for Damages). Plaintiff alleges that she was injured on or about April 7, 2021 when a tractor-trailer owned by Defendant MSAE Transport, LLC ("MSAE"), operated by Defendant

Walter W. Mtenga ("Mtenga"), and insured by Defendant American Sentinel Insurance Company ("American Sentinel"), collided with a vehicle driven by Plaintiff Watkins (the "accident"). *See* Exhibit 1, ¶¶ 3, 8.

At the time of the accident, American Sentinel Policy No. FCT900684-01 (the "Policy") was in effect and, subject to its exclusions, conditions and limitations, provided $1,000,000 in policy limits for the named insured, MSAE Transport, LLC, and for the benefit of the insured-driver, Mr. Mtenga, for the claims made by Plaintiff. *See* **Exhibit 2** (Declaration of Bruce Anderson), ¶¶ 3-5, 7. On March 28, 2022, counsel for Plaintiff Watkins sent a letter demanding that American Sentinel immediately tender (or pay) its full policy limits available under the Policy to settle the case. *Id.* at ¶¶ 3, 8-10.

## II. LAW AND ARGUMENT

### a. Basis for Jurisdiction in this Court:

This Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the $75,000 jurisdictional minimum, exclusive of interest and costs.

### b. There is Complete Diversity of Citizenship Between Plaintiff and Defendants:

#### (1) *Plaintiff Priscilla Watkins*

Plaintiff's Petition for Damages asserts that Plaintiff Watkins is a resident and domiciliary of Tangipahoa Parish, State of Louisiana. Exhibit 1, Preamble.

#### (2) *Defendant American Sentinel Insurance Company*

At all material times, Defendant American Sentinel was a corporation organized and existing under the laws of Pennsylvania, with its principal place of business located in Harrisburg,

Pennsylvania.

### (3) *Defendant Walter W. Mtenga*

Defendant Mtenga is an individual who at all material times was a resident of the State of Texas, and thus a citizen of Texas for diversity purposes. *See* Exhibit 1, ¶1.

### (4) *Defendant MSAE Transport, LLC*

At all material times, Defendant MSAE was a single-member limited liability company organized and existing under the laws of the State of Texas, whose sole member is Defendant Mtenga, a citizen of Texas for diversity purposes. *See* **Exhibit 3** (Declaration of MSAE), ¶¶ 2-4. Because the citizenship of a limited liability company is determined by the citizenship of its members, Defendant MSAE is also a citizen of Texas for diversity purposes. *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

### c. The Amount in Controversy Exceeds $75,000:

"Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages [...] the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). The removing defendant may prove that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts—preferably in the removal petition, but sometimes by affidavit—which support finding that the required amount is present. *Id.* at 882-83. Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal. *Id.* at 883.

The plaintiff in *Gebbia, supra,* alleged she suffered from injuries to her wrists, knee, patella, and back, and sought to recover damages for medical expenses, physical and mental pain

and suffering, loss of enjoyment of life, lost wages and earning capacity, and permanent disability and disfigurement. *See Gebbia*, 233 F.3d at 883. The court held that the plaintiff's allegations in her petition were sufficient to make it "facially apparent" that the jurisdictional minimum amount in controversy was satisfied. *See id.*

Here, Plaintiff Watkins's Petition for Damages is completely devoid of any description of the medical injuries she allegedly sustained in the accident. *See generally*, Exhibit 1. It is alleged, however, that Defendants' tractor-trailer "***violently*** collid[ed]" with her vehicle. Exhibit 1, ¶3 (emphasis added). As a result, Plaintiff Watkins seeks to recover damages for her:

    A. Past, present and future physical pain and suffering;

    B. Past, present and future mental anguish and suffering;

    C. Past, present and future medical expenses;

    D. Past, present and future loss of enjoyment of life;

    E. Past, present and future disfigurement and impairment;

    F. Disability; and

    G. Other damages which will be proven at trial.

Exhibit 1, ¶6. Like the plaintiff in *Gebbia,* these allegations by Plaintiff Watkins against Defendants in her Petition for Damages make it "facially apparent" that she seeks damages in excess of $75,000.

In addition, on March 28, 2022, counsel for Plaintiff Watkins made a policy limits demand for American Sentinel to immediately pay $1,000,000 on behalf of itself and its insureds in full and final settlement of this case. Exhibit 2, ¶¶ 3, 8-10. Plaintiff's policy limits demand letter (the "Letter") is "valuable evidence" confirming she seeks damages in excess of the $75,000 jurisdictional threshold. *See*, *e.g.*, *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F.Supp.

969, 971 (M.D.La. 1995).[1] While the Letter does not describe the particular medical injuries Plaintiff Watkins relates to the accident, it includes approximately 158 pages of medical and billing records as an attachment. *See generally*, Exhibit 2, ¶¶ 3, 10-11. The records indicate Plaintiff Watkins suffered multiple soft tissue injuries to her cervical, thoracic and lumbar spine in the accident (on top of pre-existing injuries and a history of chronic back and neck pain), that she was given a handicap license sticker the day after the accident, and that she is being evaluated for multi-level disc herniations and spinal stenosis. *See id.* at ¶11.[2] Louisiana courts have established that a single unoperated herniated disc has a general damages value ranging from $75,000 to over $100,000.[3] Accordingly, the Letter, when viewed in conjunction with the applicable jurisprudence, establishes that the amount in controversy for Plaintiff Watkins in this litigation exceeds the jurisdictional minimum of $75,000, in accordance with 28 U.S.C. § 1332.

---

[1] All federal courts in Louisiana have relied upon and cited *Fairchild* for the proposition that pre-petition settlement letters are "valuable evidence" for determining the amount in controversy if that amount is not facially apparent. *See*, *e.g.*, *Kimble v. Am. First Ins. Co.*, No. 14–67, 2014 WL 1761556 (M.D.La. Apr. 28, 2014) (denying remand where settlement demand sought exhaustion of policy limits of $100,000 and referenced allegedly similar cases, all of which had damage awards in amounts greater than $100,000, and subsequent settlement demand was for $95,000); *Broussard v. Celebration Station Properties, Inc.*, No. 13–531, 2014 WL 1402144, at *5 (M.D.La. Apr. 10, 2014) (denying remand where settlement letter demanding $85,000 was found to be "an honest assessment of a reasonable settlement value of the case"); *Creppel v. Fred's Stores of Tennessee, Inc.*, No. 13–734, 2013 WL 3490927, at *2–3 (E.D.La. July 10, 2013) (denying remand where plaintiff's pre-petition settlement demand letter assessed the value of the case at $80,000); *McGlynn v. Huston*, 693 F.Supp.2d 585, 595 n. 8 (M.D.La. 2010) (granting remand where the confidential pre-petition settlement letter clarified that the jurisdictional amount was not satisfied); *Soileau v. Louisville Ladder Inc.*, No. 08–385, 2008 WL 1924234, at *2 (W.D.La. Apr. 28, 2008) (granting remand where pre-petition settlement demand was for $28,392.37); *Daniels v. Metro. Prop. & Cas. Ins. Co.*, No. 03–1900, 2003 WL 22038371, at *3 (E.D.La. Aug. 25, 2003) (denying remand where plaintiff's counsel evaluated the claim at $150,000 in settlement demand letter).

[2] *See generally*, Exhibit 2 – Attachment 3 (Excerpts of Medical Records).

[3] *See*, *e.g.*, *Ridgel v. Chevalier*, 119-826 (34th JDC 10/30/18) (**$120,000** in general damages for single, non-operated herniated disc and aggravation of pre-existing degenerative changes at multiple levels); *Giovengo v. State Farm Mut. Auto. Ins. Co.*, 2016-2973 (Civil District Court 3/13/17) (**$85,000** in general damages to plaintiff for single, unoperated disc herniation and treatment that included one ESI); *Conforto v. Toscano*, 711-301 (24th JDC 3/30/16) (**$91,750** in general damages for single disc herniation with recommended ESI treatments over five year period); *Pannell v. Encompass Ins. Co.*, 2006-1601 (La. App. 3 Cir. 5/2/07), 956 So.2d 152 (**$90,000** in general damages for soft tissue injuries to neck and shoulder with an aggravation of a pre-existing low back condition); *Trahan v. Deville*, 05-1482 (La. App. 3 Cir. 5/10/06), 933 So.2d 187 (**$75,000** in general damages for chronic neck and back pain); *Aguillard v. Meiners*, 857 So.2d 1034 (La. App. 5 Cir. 9/16/03) (**$125,000** in general damages for injuries resulting from car wreck where plaintiff was diagnosed with two non-operated herniated discs that were made symptomatic by the accident); and *Anderson v. Tenneco Oil Co.*, 826 So.2d 1143 (La. App. 4 Cir. 5/22/02) (**$100,000** in general damages for non-operated protrusions in cervical spine).

### d. Venue is Proper in the United States District Court for the Eastern District of Louisiana:

Defendants removing actions from state court to federal court "shall file [a Notice of Removal] in the district court of the United States for the district and division within which such action is pending …." *See* 28 U.S.C. § 1446(a). Plaintiff alleges that she resides in Tangipahoa Parish and that the accident occurred in Tangipahoa Parish, which is encompassed by the United States District Court for the Eastern District of Louisiana. Therefore, venue under 28 U.S.C. §1446 is proper in this Honorable Court, as a substantial part of the events giving rise to Plaintiff's claims occurred in—and Plaintiff Watkins resides in—a parish encompassed by this District.

Additionally, 28 U.S.C. § 1441, provides that the proper venue of a removed action is "the district of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Since the Eastern District of Louisiana is the district embracing the Tangipahoa Parish, the place where this action was originally pending, then this District is the proper venue for this civil action. *Dortch v. Jack*, No. CIV.A. 01-241, 2001 WL 777030, at *2 (E.D. La. July 10, 2001).

### e. Defendants Timely Filed This Notice of Removal:

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." 28 U.S.C. § 1446(b)(1). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).

Here, Plaintiff Watkins filed her Petition for Damages in the 21st Judicial District Court for the Parish of Tangipahoa on March 21, 2022. Defendants MSAE and Mtenga were served with a

certified copy of the Citation and Petition on March 29, 2022, via the Louisiana long-arm statute. *See* **Exhibit 4** (Record of Service on Defendants MSAE and Mtenga). The Louisiana Secretary of State received a certified copy of the Citation and Petition on April 14, 2022, as the agent for service of process for Defendant American Sentinel. *See* **Exhibit 5** (Record of Service on Defendant American Sentinel).

Therefore, the filing of this Notice of Removal within 30 days of service of process on the last served Defendant, American Sentinel, is timely. *See* 28 U.S.C. § 1446(b)(2)(B).

    **f.**    **All Defendants Consent to this Notice of Removal:**

In compliance with the requirements of 28 U.S.C. § 1446(b)(2), "[a]ll Defendants who have been properly joined and served" have joined in the removal of this action.

    **g.**    **Defendants Attach to this Notice of Removal all Pleadings and Process:**

Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice of Removal a copy of all state court pleadings of which they are aware in this matter. *See* **Exhibit 6** (State Court Pleadings, *in globo*).

    **h.**    **Defendants Paid the Mandatory Filing Fee:**

Defendants have paid the mandatory filing fee of $400.00 for removal of this action.

    **i.**    **Notice of Removal Service and State Notification:**

In compliance with 28 U.S.C. § 1446(d), Defendants hereby certify that this Notice of Removal is being served contemporaneously herewith on Plaintiff Watkins and to the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana. Defendants hereby additionally certify they have complied with the 30 day service requirements of 28 U.S. Code § 1446(b)(1)(2)(3).

### III. CONCLUSION

Defendants submits they have shown that they are entitled to remove this matter from the 21st Judicial District Court for the Parish of Tangipahoa to the United States District Court for the Eastern District of Louisiana because there is complete diversity of citizenship between the parties, the amount in controversy in this civil action exceeds $75,000, Defendants have timely filed their Notice of Removal.

**WHEREFORE**, Defendants, American Sentinel Insurance Company, MSAE Transport, LLC and Walter W. Mtenga, hereby give notice of their removal of the state court action to this Honorable Court and pray that this matter proceed accordingly.

Respectfully submitted,

**FRILOT L.L.C.**

*/s/ Kelly L. Long*
Campbell E. Wallace (La. Bar No. 13195)
Magali A. Puente Martin (La. Bar No. 27279)
Kelly L. Long (La. Bar No. 34945)
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3700
T: (504) 599-8000 | F: (504) 599-8100
Email: klong@frilot.com

***Attorneys for Defendants, American Sentinel Insurance Company, MSAE Transport, LLC and Walter W. Mtenga***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of May, 2022, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

*/s/ Kelly L. Long*